[Civ. No. 8989. Second Appellate District. Division One.—March 7, 1935.]

PARKE D. HOLLAND et al., Appellants, v. THE CITY OF HERMOSA BEACH (a Municipal Corporation), Respondent.

James P. Mackel and Donald M. Keith for Appellants.

Art Smith and Phil S. Gibson for Respondent.

EDMONDS, J., *pro tem.*—The appellants brought their action for damages to real property, which they allege was caused by a change of grade of a public street. They are the owners of a lot in the city of Manhattan Beach, fronting on the north side of Gould Lane, which, before the improvement complained of, was an unimproved public street 20 feet in width running in a general easterly and westerly direction. The southerly line of Gould Lane is the common boundary line between the cities of Manhattan Beach and Hermosa Beach. Prior to the acts complained of El Camino Real, a public street of Hermosa Beach, extended in a northerly direction, meeting Gould Lane at approximately a right angle in front of the westerly 30 feet of plaintiffs' property. Some 200 feet to the west of this junction, a street of the same name in Manhattan Beach extended northerly. The principal means of ingress and egress to and from plaintiffs' property before the change of grade was westerly over Gould Lane and thence to El Camino Real.

In December, 1929, the City of Hermosa Beach commenced proceedings under the Improvement Act of 1911 (Deering's Gen. Laws, 1931 ed., Act 8199) to change the grade of and improve El Camino Real. Pursuant to such proceedings the grade was cut down approximately 14 feet at its northerly terminus at Gould Lane, and paving and curbs were constructed on the new grade. Gould Lane after the completion of the work was closed to travel westerly from a point opposite appellants' property but giving them access to it. Thereafter they were obliged to travel east on Gould Lane to Prospect Avenue, which extends in a northerly and southerly direction parallel with El Camino Real and some 500 feet easterly therefrom.

Some six months after the improvement of El Camino Real, the city of Manhattan Beach opened and extended a street known as Sepulveda Boulevard in a southerly direction to join with El Camino Real at Gould Lane. This provided a continuous new highway passing within 25 feet of appellants' property. However, appellants' property now lay some 18 to 20 feet above this boulevard, with no means of access to it by way of Gould Lane for the reason that the latter was not graded down to connect with it.

The trial court found that after these improvements were made appellants had means of ingress and egress from their premises by going in an easterly direction on Gould Lane to Prospect Avenue. It also found that plaintiffs' property was not damaged, and its value was not depreciated by the improvements, but, on the contrary, the property was benefited by the improvements and its value increased. Judgment was accordingly entered in favor of the defendant.

█ Appellants do not challenge the finding of fact that the improvements made by the City of Hermosa Beach were made wholly within the boundaries of that city, and that it made no excavations in or upon Gould Lane. It is, therefore, apparent that the damage of which the appellants complain did not result from any act of the defendant city. The evidence shows that the southerly portion of Gould Lane fell away to some extent because the excavation of the City of Hermosa Beach removed its lateral support. The possibility of travel westerly on Gould Lane, aside from the damage to the street by the excavation along its southerly line, was taken away by the act of the city of Manhattan Beach in cutting a new street across Gould Lane at a different grade. No actionable damage is shown to have resulted by reason of any act of the defendant City of Hermosa Beach, and the city of Manhattan Beach is not a party defendant.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.